GARY M. RESTAINO
United States Attorney
District of Arizona

ANNE E. NELSON
Assistant U.S. Attorney
Arizona State Bar No. 028069
Two Renaissance Square
40 North Central Avenue, Suite 1800
Phoenix, Arizona 85004-4408
Telephone: (602) 514-7500
Fax:  (602) 514-7693
Email: anne.nelson@usdoj.gov

*Attorneys for the United States of America*

**IN THE UNITED STATES DISTRICT COURT**

**FOR THE DISTRICT OF ARIZONA**

| | |
|---|---|
| United States of America,<br><br>              Petitioner,<br><br>      v.<br><br>Michael Pinder,<br><br>              Respondent. | **THE UNITED STATES OF AMERICA'S PETITION FOR AN ORDER TO SHOW CAUSE AND FOR SUMMARY ENFORCEMENT OF CIVIL INVESTIGATIVE DEMAND NO. 23-35** |

Pursuant to the False Claims Act ("FCA"), 31 U.S.C. § 3733(j), the United States respectfully petitions this Court for an Order directing Michael Pinder (aka Lord Pinder) to comply with Civil Investigative Demand ("CID") No. 23-35, which was issued by the government on June 9, 2023.  As set forth below, Mr. Pinder has not petitioned to modify or set aside CID 23-35 or otherwise interposed any valid objection; nonetheless, he has failed to provide any response to CID 23-35.  In support of the Petition to Enforce CID 23-35, the United States shows as follows:

**JURISDICTION AND VENUE**

1.      This Court has jurisdiction over this proceeding pursuant to 31 U.S.C. §3733(j) and 28 U.S.C. §1331.

2.      Venue is proper under 31 U.S.C. 3733(j).

**PARTIES**

3.      Petitioner is the United States of America.  The United States Department of Justice is the agency of the United States responsible for enforcing the False Claims Act, 31 U.S.C. § 3278, *et seq.*, which authorizes the Attorney General to issue civil investigative demands to persons who may be in possession, custody, or control of information "relevant to a false claims law investigation," *Id.* § 3733(a)(1).

4.      Respondent is Michael Pinder, an individual who resides and conducts business in the District of Arizona.  Mr. Pinder is the owner and president of Pindernation Electric, LLC.  Upon information and belief, Mr. Pinder goes by an alias of Lord Pinder or Lord Pindernation.  The United States is investigating Pindernation Electric, LLC for potential violations of the FCA in relation to its receipt of Payroll Protection Program ("PPP") Loans.

**LEGAL BACKGROUND FOR CID ENFORCEMENT**

5.      The FCA "is the government's primary litigative tool for combatting fraud against the federal government." *United States ex rel. Kelly v. Boeing Co.*, 9 F.3d 743, 745 (9th Cir. 1993) (internal quotation marks omitted).  Under the FCA, a CID may be issued to "any person" having information relevant to the false claims law investigation.  31 U.S.C. §3733(a)(1).  That person may be required to give oral testimony, answer written interrogatories, produce documents, or all the above.  *Id.*  By enacting the statutory authority for CIDs under the FCA, Congress sought to enable the United States "to determine whether enough evidence exist[s] to warrant the expense of filing [a civil] suit, as well as to prevent the potential Defendant from being dragged into court unnecessarily." *United States v. Witmer*, 835 F. Supp. 208, 211 (M.D. Pa. 1993) (quoting H.R. Rep. 660, 99th Cong., 2d Sess. 26 (1986)).

6.      Federal Courts routinely enforce CIDs under the FCA in the same manner as they enforce administrative subpoenas issued by federal agencies.  *See United States v. Markwood*, 48 F.3d 969, 976 (6th Cir. 1995); *accord United States v. ASG Solutions Corp.*, No. 17-cv-1224, 2018 WL 1418023, at *3 (S.D. Cal. Mar. 22, 2018), adopted by, 2018 WL

3471405 (S.D. Cal. July 18, 2018).

7.     Enforcement of an administrative subpoena, such as a CID, is proper if the Court finds that: (a) the inquiry is within the authority of the issuing agency; (b) the information sought is reasonably relevant to that inquiry; and (c) the requests are not too indefinite or unduly burdensome.  *See*, *e.g., United States v. Morton Salt Co*., 338 U.S. 632, 642-43 (1950); *EEOC v. Fed. Express Co.*, 558 F.3d 842, 848 (9th Cir. 2009); *United States v. Picetti*, 19-cv-00049, 2019 WL 1895057, at *2 (E.D. Cal. Apr. 29, 2019); *Witmer*, 835 F. Supp. at 220-21 (applying *Morton Salt* standard to enforcement of CID under FCA).

8.     Once the United States has advanced "a plausible argument in support of jurisdiction, a district court must enforce the subpoena if the information sought there is not plainly incompetent or irrelevant to any lawful purpose." *EEOC v. Kloster Cruise Ltd.*, 939 F.2d 920, 922 (11th Cir. 1991) (internal quotation marks omitted); *EEOC v. Karuk Tribe Housing Authority*, 260 F.3d 1071, 1076-77 (9th Cir. 2001).

## ISSUANCE AND SERVICE OF CID 23-35

9.     Pursuant to the FCA, on June 9, 2023, CID 23-35 was issued to Mr. Pinder by Gary M. Restaino, the United States Attorney for the District of Arizona, and a designee of the Attorney General under 31 U.S.C. §3733.  *See* Declaration of Anne E. Nelson ("Nelson Decl.") at ¶ 2, Exhibit 1.

10.     CID 23-35 was served on Mr. Pinder on June 12, 2023, by mailing an executed copy of the CID via Certified Mail to Mr. Pinder's residence in Litchfield Park, Arizona.  Nelson Decl. at ¶ 3, Exhibit 2.

11.     A courtesy copy of CID 23-35 was also sent to Mr. Pinder via e-mail on June 16, 2023, to his email addresses lord@pindernation.com and lord@pindernationelectric.net. Nelson Decl. at ¶ 4, Exhibit 3.

12.     As stated in CID 23-35, the Government is seeking information and documents from Mr. Pinder regarding allegations that his company, Pindernation Electric, LLC, impermissibly received PPP loans.  *See* Exhibit 1.

13.     As part of this investigation, the Government issued CID 23-35 to Mr. Pinder

because the Government has reason to believe that Mr. Pinder, as the owner and President of Pindernation Electric, LLC, is in possession, custody, or control of documents and information relevant to this investigation.

14. CID 23-35 seeks documents from Mr. Pinder responsive to three requests, as well as his oral testimony on four topic areas. *See* Exhibit 1.

15. More specifically, CID 23-35 seeks documents and testimony regarding: the ownership and operation of Pindernation Electric, LLC; the preparation and submission of Pindernation Electric, LLC's PPP loan applications; the preparation and submission of Pindernation Electric, LLC's PPP loan forgiveness application; how Pindernation Electric, LLC, used the PPP funds; and correspondence between Mr. Pinder and the lenders regarding Pindernation Electric, LLC's PPP loan applications. *Id.*

16. The documents and testimony sought by CID 23-35 are reasonably relevant to the Government's investigation under the FCA inquiry, and CID 23-35 is not indefinite nor unduly burdensome.

## MR. PINDER'S FAILURE TO COMPLY WITH THE CID

17. The original return date of CID 23-35 was July 17, 2023.

18. The government and Mr. Pinder engaged in discussions for production of the responsive documents and the date and time for testimony. The parties initially agreed that Mr. Pinder would appear and provide oral testimony on August 22, 2023, and Mr. Pinder represented that he would produce the documents beforehand. The government subsequently sent several requests to Mr. Pinder to provide the documents and was told that the documents would be produced by August 18, 2023. *See* Nelson Decl. at ¶ 5, Exhibit 4.

19. On August 18, 2023, the government inquired about the missing document production and was informed by Mr. Pinder's employee, Kerry Hairston, that the documents would not be forthcoming and that an attorney representing Mr. Pinder would be contacting the government regarding the production. *Id.*

20. As a result of this communication, and having received no documents responsive to the CID, the government postponed the testimony component of the CID that

was scheduled for August 22, 2023.  *Id.*

21.     On August 25, 2023, attorney Jason Silver contacted undersigned counsel informing her that he was retained to represent Mr. Pinder in relation to the CID and requested to schedule a meeting the following week to discuss the matter.  Nelson Decl.  at ¶ 6, Exhibit 5.  The parties arranged for a meeting on August 31, 2023.  *Id.*  On August 30, 2023, Mr. Silver cancelled the meeting citing an emergency.  *Id.*  He requested to reschedule the meeting during the week of September 11-15, 2023.  *Id.*

22.     On September 12, 2023, Mr. Silver emailed undersigned counsel and informed her that he no longer represents Mr. Pinder and does not know who, if anyone, represents Mr. Pinder.  *Id.*  To date, no other attorney for Mr. Pinder has contacted undersigned counsel.

23.     Mr. Pinder has not produced the documents responsive to the CID or sat to provide testimony.  Mr. Pinder has not provided any deadline by which he would fully respond to CID 23-25.

24.     Mr. Pinder has not petitioned to modify or set aside CID 23-35.

25.     Mr. Pinder's refusal to respond to CID 23-35 undermines the United States' legitimate right to ascertain whether Pindernation Electric, LLC's behavior is consistent with the law.  *See Morton Salt*, 338 U.S. at 652.  Accordingly, summary enforcement of CID 23-35 is appropriate.

////

////

////

**CONCLUSION**

For the above reasons, the United States respectfully requests that the Court grant its petition, summarily enforce CID No. 23-35, and enter the proposed orders attached to the petition, ordering Mr. Pinder to comply with CID No. 23-35.

Respectfully submitted this 6th day of October, 2023.

GARY M. RESTAINO
United States Attorney
District of Arizona

*s/ Anne E. Nelson*
ANNE E. NELSON
Assistant United States Attorney
*Attorneys for the United States*
*of America*